UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID C. LETTIERI, <br><br> Plaintiff/Petitioner, <br><br> v. <br><br> FEDERAL MEDICAL CENTER DEVENS, et al, <br><br> Defendants/Respondents. | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 26-10557-MJJ

## ORDER

**JOUN, D.J.**

David C. Lettieri ("Mr. Lettieri"), who is confined at FMC Devens and representing himself, brings this action against FMC Devens staff members, alleging that FMC Devens staff deliberately delayed in giving him mail from this Court.  Lettieri has filed an objection [Doc. No. 6] to the order of the Magistrate Judge denying his motion for leave to proceed *in forma pauperis* without prejudice based on the "three strikes" rule of 28 U.S.C. § 1915(g).  [Doc. No. 4].  As set forth below, the Court will AFFIRM the order of the Magistrate Judge and DISMISS this action as frivolous.

**I.      Order of the Magistrate Judge**

Lettieri characterizes this action as one for a writ under 28 U.S.C. § 1651.  [Doc. No. 1 at 1].  Lettieri alleges in his pleading that FMC Devens staff did not promptly deliver mail to him from this Court.  *Id.*  The mail in question consisted of the docket sheets for four cases in this Court.  *Id.*  Lettieri states that the documents were mailed on September 18, 2025, and delivered to him on October 8, 2025.  *Id.*  Lettieri alleges that FMC Devens violated federal criminal law and denied him his First Amendment right of access to the courts by delaying in giving him four

docket sheets. *Id.* at 2-3. Lettieri asserts that, "to have a form of justice made," the period of his sentence and supervised release should be reduced. *Id.* at 3.

In a February 6, 2026 order, the Magistrate Judge found that Lettieri was a "three strikes" litigant and that had not shown he was in "imminent danger of serious physical injury" with regard to the defendants' alleged misconduct. [Doc. No. 7]. She denied Lettieri's *in forma pauperis* motion without prejudice, and directed him to pay the $405 filing fee for a non-habeas civil action or show good cause why he should not be required to do so. *Id.* The Magistrate Judge noted in a footnote that Lettieri had not set forth a basis for habeas relief. *Id.* at 1 n.1.

On February 26, 2026, Lettieri filed an objection to the order of the Magistrate Judge, asserting that her decision was "frivolous" decision because his claim is a "habeas and release from custody involves habeas relief." [Doc. No. 7 at 1]. Lettieri asserts that he should only have to pay the $5 filing fee for a petition for a writ of habeas corpus.

## II.    Review of the Order of the Magistrate Judge

A District Court "must consider timely objections" to the nondispositive order of a Magistrate Judge "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Court finds that the order of the Magistrate Judge was not clearly erroneous or contrary to law. While release is a form of habeas relief, a prisoner cannot transform a civil rights action concerning the delay of delivery of mail into a habeas action simply by asking for release or a reduction in sentence as a remedy. There is no relationship between Lettieri's claim of wrongdoing by FMC Devens staff and the validity of his confinement. And, there is no question that Lettieri is a "three strikes" litigant and, that, under the alleged facts, Lettieri is not in danger of "serious danger of imminent danger."

2

### III.    Dismissal of the Action

While the federal *in forma pauperis* statute provides for the review of a complaint filed by a person allowed to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915(e)(2), the Prison Litigation Reform Act provides for the review of a complaint filed a prison against a government entity or employee regardless of the status of the filing fee, *see* 28 U.S.C. § 1915A(a).  Any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief, must be dismissed.  *See* 28 U.S.C. § 1915A(b).  A pleading is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Here, Lettieri's claim that the delay in receiving docket sheets (1) violated his right of access to the courts[1]; and (2) entitles him to a reduction in his sentence, has no basis in law.

### IV.    Conclusion

In accordance with the foregoing, pursuant to 28 U.S.C. § 1915A(b), this action is DISMISSED as frivolous.


**SO ORDERED.**

/s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: July 22, 2026

---

[1] *See, e.g., Sowell v. Vose*, 941 F.2d 32, 35 (1st Cir. 1991) (stating that, absent a showing that prison officials' loss of "a few" of the prisoner plaintiff's legal documents "deprived [the prisoner] of the ability to participate meaningfully in the legal process, a court cannot say that a constitutional deprivation has occurred").